## ALEXANDER BISSETT

*v.*

## JOHN B. BOWMAN.

DESCRIPTION—*identity of premises, how shown.* In an action of ejectment, it was sought to deduce title through an administrator's sale. The property sold by the administrator was not specifically described in any of the proceedings, except in the petition filed by him. The decree simply ordered the sale of the real estate "mentioned in the petition." The report of the administrator stated that he had sold "all the lots which deceased owned in Illinoistown at the time of his death, in pursuance to the previous order of the court." This report did not appear to have been in any manner acted upon by the court. The deed of the administrator only described the property thereby conveyed as having belonged to the deceased at the time of his death: *Held,* the identity of the lot in controversy as having been sold by the administrator, could only be shown by the petition.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Messrs. G. & G. A. KŒRNER, for the appellant.

Mr. WILLIAM H. UNDERWOOD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, commenced by appellee, in the St. Clair circuit court, against appellant, for the recovery of lot five, in block four, in Illinoistown.   On the trial, at the October term, 1869, there was a verdict for plaintiff, upon which the court rendered a judgment in his favor.   It was stipulated that the testimony of one Piggot, in reference to the claims of one Pensonneau, as reported in 39 Ill. Rep. p. 419 and 420, should be taken and considered as evidence in this case; that Pensonneau, and after him McKnight and Brady, were in possession of, and exercised undisputed acts of owner-ship over the tract of land comprising the town plat in which the lot in controversy is situated, before and after the same was laid out and platted; that McKnight was reported and con-sidered to be dead in about the year 1823.

Plaintiff, without objection, introduced a deed from Penson-neau and wife to McKnight and Brady, dated the twentieth of January, 1816, for the tract of land embracing the lot in dis-pute; also a deed in partition between John McKnight and Thomas Brady, by which the lot in question was conveyed, with other property, to McKnight, in severalty, which was executed on the eleventh day of June, 1821, and was recorded on the eighteenth of June, 1842.   He then introduced in evi-dence certain proceedings in the St. Clair circuit court, had in 1831 and 1832, by Thomas McKnight, administrator of John McKnight, deceased, on an application for the sale of real estate to pay debts of his estate.   Among them, is an order for the sale of the real estate mentioned in the petition, and that the administrator report his proceedings under the decree to the court.

Afterwards, the administrator reported to the court that, after advertising the sale according to law, he did, on the thirteenth of January, 1832, proceed to sell, at the store of Samuel Christy, in Illinoistown, all of the lots which John McKnight owned at the time of his death, in that town, for the sum of $105. Defendant objected to the introduction of this evidence, upon the ground that it was informal and incomplete, and did not identify the lot in question, and that the petition, or a copy thereof, was not produced.

Plaintiff then read in evidence, against the objection of defendant, a deed executed by the administrator to Andrew Christie, of the undivided interest of John McKnight, deceased, in and to the lands and town lots in Illinoistown. This deed refers to, but fails to set out, the decree of the court, and it bears date the thirteenth day of January, 1832; also a deed of the same date, from Andrew Christie to Thomas McKnight, for the same undivided interest in the same property. Plaintiff then read in evidence a deed from the administrator to Andrew Christie, for the same interest in the same property, which deed recites the order of the circuit court at length, which bears date on the twentieth of June, 1842, and reciting that, in the former deed, the order of the court had not been set out. To the introduction of this deed in evidence, appellant objected. Appellant then admitted the conveyances from Thomas McKnight down to appellee, without objection, as showing a *prima facie* title in him, if Thomas McKnight had a title in fee.

Appellant, for the purpose of showing an outstanding title, introduced the certificate of confirmation to divers persons other than Pensonneau, from the United States, for surveys 117 to 125, inclusive, without objection, which surveys, according to Piggot's testimony, referred to, embrace the lot in question.

It will be observed that the decree ordering the sale by the administrator, fails to describe any land, but simply authorizes the sale of the land described in the petition. Nor is the lot, or any other lands, described specifically in the deeds. They

only describe it as the undivided interest in the lands and town lots in Illinoistown, which belonged to John McKnight. It would be a rash presumption to say the decree and deed followed the petition, or that it described the lot in controversy. When it is remembered, that at that early day, when such property was of little value, great looseness obtained in legal proceedings of this character, it would not be just or proper to say that the deed or decree must be presumed to follow the petition. But even if it could be indulged as to the decree, it fails to authorize the sale of all of John McKnight's undivided interest in lands and town lots in Illinoistown. The decree only authorizes the sale of the lands described in the petition. It may have described none of the lots, or but a part of them, and this may not be of the number. That it was, should have been proven, and not left to mere conjecture.

It is urged that the proof is supplied by the report of the sale by the administrator, to the circuit court. It is true, he reports that he did, on the thirteenth of the previous January, sell all the lots in Illinoistown, which belonged to deceased at the time of his death, in pursuance to the previous order of the court. This report does not appear to have been approved or otherwise acted upon by the court, and, at most, is only the opinion of the administrator as to the purport of the decree; and when we know that the law did not require him to make such a report, or declare that it should be evidence of the statements it contained, we can not say it affords evidence of anything but that it was filed. In law, it was but a mere written declaration, made by the administrator, and was worth no more than such a declaration made by any other person.

Appellee, then, having failed to prove that the lot in question was sold by the administrator to Christie, he has not deduced title from McKnight to himself, and has not shown a right to recover. This view of the case renders it unnecessary to consider whether the certificate of confirmation shows the

17—54TH ILL.

fee to have been in other persons than Pensonneau. In accordance with the opinion of the majority of the court, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*